UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASMINA SHOATS,

    Plaintiff,

v.                        Case No. 8:25-cv-304-VMC-SPF

BERT LAVERNE FOLTS, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

**Discussion**

This personal injury action was removed to this Court from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on February 6, 2025, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at

1

the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. See (Doc. # 1-1 at ¶ 1) ("This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court.)"). Instead, Defendants relied on the facts within the complaint, Ms. Shoats's responses to requests for production, and a special damages summary she provided to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 1 at 5-8).

In the complaint, Mr. Shoats contends that she "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing

2

condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (Doc. # 1-1 at ¶ 7). Along with Ms. Shoats's responses to interrogatories, she attached a Special Damages Summary which itemizes $49,561.94 in medical bills that she had sustained. (Doc. # 1-26 at 14). In response to requests for production, Ms. Shoats provided medical bills, which recommend multiple surgeries that she might receive in the future, costing $38,790.93, $38,541.86, and $51,396.60 respectively. (Doc. # 6-3).

On February 6, 2025, the Court ordered Defendants to provide more concrete evidence to establish that the $75,000 jurisdictional threshold is met. (Doc. # 3). On February 14, 2025, Defendants responded to the Court's order. (Doc. # 6). In that response, Defendants attached multiple exhibits, documenting past and future medical expenses. (Doc. ## 6-1, 6-2, 6-3). Defendants' response did not raise any additional arguments to satisfy the amount in controversy. (Id.).

Accordingly, the Court disagrees with Defendants' arguments in its notice of removal that it has established the amount in controversy. A review of Ms. Shoats's medical bills shows that she has only incurred $51,512.32 in medical expenses thus far — below the $75,000 minimum. (Doc. # 6-1).

3

The remaining damages are hypothetical future medical expenses, for procedures costing $38,790.93, $38,541.86, and $51,396.60 respectively (Doc. # 6-3), hypothetical pain and suffering damages, and hypothetical lost wages. (Doc. # 1-1 at ¶ 7). However, there is no evidence that Ms. Shoats is intending to undergo these procedures, as they were merely proposed by her doctors. The Court does not find that the cost of these hypothetical future procedures are sufficiently concrete to be credited towards the amount in controversy. Additionally, the Court will not rely upon unspecified damages for pain and suffering or speculative lost wages in evaluating the amount in controversy. See Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021) ("Courts will not speculate as to the value of damages for pain and suffering."); Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) (remanding case when defendant "[did] not provide sufficient detail about [the plaintiff]'s pain and suffering or the other unspecified damages she has allegedly experienced").

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Rather, the only damages that Defendants have established by

4

a preponderance of the evidence are Ms. Shoats's $51,512.32 in medical expenses. As such, Defendants have not sufficiently demonstrated that the jurisdictional amount in controversy has been satisfied. Therefore, this Court lacks subject matter jurisdiction and this case is remanded to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of February, 2025.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5